IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KATHIE WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>REHABCLINICS (SPT), INC., *et al.*,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:23-cv-03825-KMW-SAK<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**THIS MATTER** comes before the Court upon the motion of Plaintiff Kathie Wright ("Plaintiff") seeking to amend the Judgment entered in her favor and against Defendant RehabClinics (SPT), Inc. ("Defendant"), to include prejudgment and postjudgment interest; and

**WHEREAS**, Plaintiff commenced this personal injury action on June 21, 2023, by filing a complaint in the Superior Court of New Jersey, Law Division, Camden County; (ECF No. 1-2); and

**WHEREAS**, Defendant subsequently removed the action to this Court on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a) (ECF No. 1); and

**WHEREAS**, on January 17, 2025, Chief Judge Renée Marie Bumb entered an Order referring this matter to arbitration pursuant to Local Civil Rule 201.1(e) and appointing Gerald H. Hanson, Esq. as arbitrator ("Arbitrator") (ECF No. 45); and

**WHEREAS**, the parties participated in arbitration on February 25, 2025; and

**WHEREAS**, on June 4, 2025, the Arbitrator filed an Arbitration Award and Statement of Reasons, in which he found Defendant liable and awarded Plaintiff $300,000 in compensatory damages[1] (ECF Nos. 47-1, 47-2); and

**WHEREAS**, this matter was subsequently reassigned to the undersigned on July 9, 2025 (ECF No. 46); and

**WHEREAS**, neither party demanded a trial *de novo* within the time prescribed by Local Civil Rule 201.1(h), and the Court therefore entered a Judgment on the Arbitration Award on July 10, 2025 (ECF No. 47); and

**WHEREAS**, on August 5, 2025, Plaintiff filed the instant Motion seeking to amend the Judgment to include prejudgment and postjudgment interest[2] (ECF No. 48); and

**WHEREAS**, Defendant partially opposes Plaintiff's Motion and asks the Court to deny it insofar as Plaintiff seeks: (1) prejudgment interest on any portion of the Arbitration Award representing future economic losses; (2) prejudgment interest for the period during which issuance of the Arbitration Award was delayed; and (3) postjudgment interest after July 22, 2025, the date on which Defendant paid Plaintiff and satisfied the Judgment in full; and

---

[1] There appears to have been a delay in the filing of the Arbitration Award. Under Local Civil Rule 201.1(g), the Arbitrator was required to file the Award within 30 days after the February 25, 2025 arbitration hearing (*i.e.*, on or before March 17, 2025). The Award was not filed until June 4, 2025. However, neither the Arbitrator nor the parties were responsible for that delay. The record reflects that the Arbitrator suffered an injury while on vacation and required surgery before the Award could be issued.

[2] The Court's authority to alter or amend the Judgment to include interest arises out of Federal Rule of Civil Procedure 59(e). *See Keith v. Truck Stops Corp. of Am.*, 909 F.2d 743, 746 (3d Cir. 1990). However, in actions based on diversity jurisdiction, the decision to award interest at all is a matter of state law. *See Adkins v. Sogliuzzo*, 820 F. App'x 146, 150 (3d Cir. 2020). Here, the parties agree that New Jersey law applies and that Plaintiff's Motion should be examined under New Jersey Court Rule 4:42-11. They likewise do not dispute the applicable annual interest rates for the relevant time periods: 2.25% (2023), 5.5% (2024), and 7.5% (2025). *See* New Jersey Courts, *Post-Judgment and Pre-Judgment Interest Rates*, available at https://www.njcourts.gov/sites/default/files/courts/civil/postprejudgmentrates.pdf.

**WHEREAS**, having considered the parties' submissions, the Court finds that (1) nothing in the Arbitration Award or Statement of Reasons reasonably suggests that the $300,000 award includes future economic losses, and Defendant has not shown otherwise[3]; (2) any delay in the issuance of the Arbitration Award does not constitute an exceptional circumstance warranting suspension of prejudgment interest[4]; and (3) Defendant satisfied the Judgment on July 22, 2025, such that no postjudgment interest accrued after that date[5];

**THEREFORE, IT IS** this **24th** day of **March 2026** hereby

**ORDERED** that Plaintiff's Motion (ECF No. 48) is **GRANTED, IN PART, AND DENIED, IN PART**; and it is further

---

[3] New Jersey Court Rule 4:42-11(b) precludes prejudgment interest on "future economic losses." Here, the Arbitrator awarded Plaintiff a single lump sum of $300,000 in compensatory damages. Nowhere in his Statement of Reasons did the Arbitrator indicate that any portion of that award was intended to compensate Plaintiff for future economic losses. Nevertheless, Defendant posits that some portion of that award "may have comprised" such losses, relying solely on Plaintiff's evidence of potential future medical costs ranging from $32,740 to $105,170. Def.'s Opp'n Br. at 5. Arbitrarily using the high end of that range, Defendant asks the Court to infer that 35% of the award represented future economic loss and to reduce prejudgment interest accordingly. *See id.* (citing *Nance v. City of Newark*, 501 Fed. App'x. 123, 130-31 (3d Cir. 2012)). However, the Arbitrator's reasoning lends little support for such an inference. Although he noted the parties' dispute as to whether Plaintiff's symptoms requiring "prior and anticipated future treatment" were caused by the accident, he did not find Defendant liable for future medical expenses, adopt any estimate of future care, or identify any portion of the award as compensation for such expenses. (ECF No. 74-2 at 2.) To the contrary, the Arbitrator justified the award in retrospective terms, referencing Plaintiff's completed post-accident treatment for her concussion and nasal fracture. (*Id.* at 4.) On this record, there is no reasonable basis to conclude that the Arbitrator allocated any portion of the award to future medical costs.

[4] New Jersey Court Rule 4:42-11(b) also states that a court may suspend the running of prejudgment interest in "exceptional cases." An exceptional case arises only where the "policy, spirit and intent of the rule are patently inapposite to the circumstances at hand." *Adkins v. Sogliuzzo*, 820 F. App'x 146, 151 (3d Cir. 2020) (quoting *Ruff v. Weintraub*, 519 A.2d 1384, 1391 (N.J. 1987)). Here, Defendant argues that because it was not to blame for the 78-day delay in the filing of the Arbitration Award, *see supra* n.1, it "should not be responsible for prejudgment interest" that accrued during that time. Def.'s Opp'n Br. at 5. But awarding prejudgment interest is not about penalizing delay. Rather, it is intended to make plaintiffs truly whole, compensating them for the lost use of money to which they were entitled, but which had been retained by another. *See N. Bergen Rex Transp., Inc. v. Trailer Leasing Co.*, 730 A.2d 843, 851 (N.J. 1999). While the Court appreciates that Defendant was not at fault for the delay here, neither was Plaintiff, and the absence of fault does not alter the economic reality that Plaintiff remained without compensation for the injuries Defendant itself had caused. This is therefore not an "exceptional" case warranting suspension of prejudgment interest. *See also Freedom Mortg. Corp. v. LoanCare, LLC*, No. 16-cv-02569, 2024 WL 3226942, at *7 (D.N.J. June 27, 2024) (rejecting the argument that thirteen months of trial delays due to the COVID-19 pandemic constituted "exceptional" circumstances warranting suspension of prejudgment interest under N.J. Ct. R. 4:42-11(b)).

[5] It is axiomatic that postjudgment interest ceases to accrue when a judgment is satisfied in full. *See Interchange State Bank v. Rinaldi*, 696 A.2d 744, 754 (N.J. Super. Ct. App. Div. 1997).

**ORDERED** as follows:

A.   Plaintiff is awarded prejudgment interest in the amount of **$31,800**.[6]

B.   Plaintiff is awarded postjudgment interest in the amount of **$739.73**.[7]

C.   The Clerk of Court shall enter the Amended Judgment accompanying this Memorandum Opinion and Order.

KAREN M. WILLIAMS, U.S.D.J.

---

[6] To calculate prejudgment interest, the Court applies the simple interest formula, $I = P \cdot r \cdot \frac{d}{Y}$, where $P$ is the principal damages award, $r$ is the annual interest rate for the applicable calendar year, $d$ is the number of days the interest accrued, and $Y$ is the total number of days in the applicable calendar year. Here, prejudgment interest accrued from June 21, 2023 (the date Plaintiff filed the complaint), through July 10, 2025 (the date the Judgment was entered). Accordingly, prejudgment interest is calculated as follows:

$$I_{2023} = (\$300{,}000) \cdot (2.25\%) \cdot \left(\frac{194}{365}\right) = \$3{,}587.67$$

$$I_{2024} = (\$300{,}000) \cdot (5.5\%) \cdot \left(\frac{366}{366}\right) = \$16{,}500$$

$$I_{2025} = (\$300{,}000) \cdot (7.5\%) \cdot \left(\frac{190}{365}\right) = \$11{,}712.33$$

[7] Using the same formula, the Court calculates postjudgment interest running from July 10, 2025 (the date Judgment was entered), through July 22, 2025 (the date Defendant satisfied the Judgment in full), as follows:

$$I_{Post} = (\$300{,}000) \cdot (7.5\%) \cdot \left(\frac{12}{365}\right) = \$739.73.$$

To the extent Plaintiff has requested any postjudgment interest in excess of this amount, her motion is denied.